IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SARA E. SIMMONS,

        Plaintiff,

v.                                               CIVIL ACTION NO.  3:22-0494

TA OPERATING, LLC
(d.b.a. TRAVELCENTERS OF AMERCIA),

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss and Compel Arbitration. ECF No. 4. For the following reasons, the Court **GRANTS** the Motion to Compel Arbitration and **DISMISSES** this case **without prejudice** pending arbitration.

**I. BACKGROUND**

Plaintiff Sara E. Simmons is a resident of Cabell County, West Virginia, who was employed by Defendant TA Operating, LLC ("TA Operating") for more than a decade, beginning in March 2010. Compl. ¶¶ 1, 7, 12, ECF No. 1. Ms. Simmons is married to another woman and is legally prescribed Suboxone to aid in opioid addiction recovery. *Id*. ¶¶ 14, 26. Plaintiff alleges that from mid-2019 until late September 2020, she was "forced to endure a string of harassing events . . . because of her sexual orientation and/or disability." *Id*. ¶ 12. These events are alleged to include slurs and threats of serious violence based on Mr. Simmons's sexual orientation, the hanging of a noose, workplace retaliation including scheduled hour cuts, public sharing of private medical

information concerning her Suboxone prescription, and accusations that Ms. Simmons sold pills illegally. *Id*. ¶¶ 13-15, 25, 28-29, 31. The Complaint further alleges that neither Ms. Simmons's supervisor nor the store director addressed her repeated concerns regarding this harassment. *Id*. ¶¶ 17, 32-33. Ms. Simmons resigned and filed a Complaint with the West Virginia Human Rights Commission, which "found probable cause to believe Defendant had violated the Human Rights Act." *Id*. ¶¶ 34-36.

Ms. Simmons received a right to sue letter from the United States Equal Employment Opportunity Commission on August 31, 2022 and filed suit in this Court on October 27, 2022. *Id*. ¶ 37. Her Complaint brings six counts against Defendant: (1) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); (2) sex discrimination under the West Virginia Human Rights Act ("WVHRA"), W. Va. §5-11-1 et seq.; (3) common law invasion of privacy; (4) sexual harassment under the WVHRA; (5) sexual harassment under Title VII; and (6) disability discrimination under both the WVHRA and the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. §12112(a). The Complaint requests compensatory and punitive damages, as well as attorney fees and costs. *Id*. at 9.

On November 18, 2022, Defendant filed its Motion to Dismiss and Compel Arbitration. ECF No. 4. In support of its Motion, Defendant has provided the Court with a copy of an arbitration agreement signed by Ms. Simmons on July 8, 2017. *Id*. at Ex. A ("the Arbitration Agreement"), ECF No. 4-1. The Arbitration Agreement contains language committing Ms. Simmons to "resolve grievances related to [her] employment through an informal grievance and dispute resolution process" including claims brought under Title VII, the ADA, "state and local anti-discrimination laws," and "claims based on any public policy, contract, tort, or common law." *Id*. at 1-2. In Response, Plaintiff acknowledges the Arbitration Agreement, but argues that it is "unconscionable

and therefore unenforceable." Resp. in Opp'n to Def.'s Mot. to Dismiss at 1, ECF No. 6. Defendant Replied on December 14, 2022. ECF No. 9.

## II. LEGAL STANDARD

Defendant's Motion is brought pursuant to the Federal Arbitration Act ("FAA") to compel arbitration. 9 U.S.C. § 1 *et seq.* "In the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. Under the FAA, courts must treat arbitration agreements as "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Supreme Court has repeatedly held that the FAA "establishes a liberal federal policy favoring arbitration agreements." *Epic Systems*, 138 S. Ct. at 1621 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1938)). Courts must therefore "rigorously" enforce parties' chosen arbitration procedures. *Id.*; *see* 9 U.S.C. §§ 3, 4. Likewise, "courts must place arbitration agreements on an equal footing with other contracts." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Accordingly, an arbitration agreement may only be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Epic Systems*, 138 S. Ct. at 1622 (quoting *Concepcion*, 563 U.S. at 339).

"In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the

failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

### III. DISCUSSION

Defendant argues that Plaintiff should be compelled to arbitrate, as all four factors from *Adkins v. Labor Ready, Inc.* are satisfied. *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 5; 303 F.3d at 500–01. In Response, Plaintiff argues that the Arbitration Agreement is unenforceable, due to unconscionable provisions within the agreement. *See generally* Resp. in Opp'n to Def.'s Mot. to Dismiss. In Reply, Defendant argues that (1) Ms. Simmons's Response did not address the *Adkins* standard, (2) the Arbitration Agreement stipulates that objections to the Agreement as whole—such as those raised by Plaintiff—are to be resolved by an Arbitrator, and (3) the Arbitration Agreement and challenged provisions within it are not unconscionable as a matter of law. *See* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss.

Defendant argues that all four *Adkins* factors are satisfied in this case. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 7-8. Plaintiff does not contest that these factors are met. *See* Resp. in Opp'n to Def.'s Mot. to Dismiss. Upon review of the record, the Court agrees with Defendant that the *Adkins* standard has been met.[1] Therefore, this Court must compel arbitration

---

[1] First, the Complaint and Answer are evidence of a dispute between the parties. Second, a written arbitration agreement exists. The terms of that agreement purport to cover Plaintiff's claims in the Complaint brought under Title VII, the ADA, and relevant state laws. Third, the parties are of diverse citizenship, indicating that their business relationship relates to interstate commerce. *Stover v. Blackhawk Mining, LLC*, 2020 WL 1958315 at *2 (S.D.W. Va. Apr. 23, 2020) (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995)); *see* Compl. ¶¶ 1-3 (outlining the citizenship of the parties). Fourth, Plaintiff does not dispute that she has refused to arbitrate the dispute, admitting to knowledge of the Arbitration Agreement but contesting the instant Motion. *See* Resp. in Opp'n to Def.'s Mot. to Dismiss at 1.

unless Plaintiff can demonstrate that the Arbitration Agreement is invalid as a matter of law. *See* 9 U.S.C. §§ 2, 3.

Ms. Simmons argues that arbitration is inappropriate under the FAA because clauses within the Arbitration Agreement are unconscionable under West Virginia law. Resp. in Opp'n to Def.'s Mot. to Dismiss at 4; *see* 9 U.S.C. § 2. Although federal law governs the arbitrability of disputes, "ordinary state-law principles resolve issues regarding the formation of contracts . . . generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (quoting *Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir.2005); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). "Principles of equity may counsel for invalidation of an arbitration agreement if the grounds for revocation relate specifically to the arbitration clause." *Sydnor v. Conseco Financial Serv. Corp.*, 252 F.3d 302, 305 (4th Cir. 2001) (citing *Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999)). "However, when claims allege [the invalidity] of the contract generally, these issues are determined by an arbitrator because the dispute pertains to the formation of the entire contract, rather than the arbitration agreement." *Id*. (citing *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986)).

Under this framework, Ms. Simmons has challenged four provisions of the Arbitration Agreement as unconscionable: "(1) the limitation placed on the Arbitrator's discretion to control discovery; (2) the modification made to the attorney fee standard; (3) the limitation on selection of an arbitrator; and (4) the delegation provision." Resp. in Opp'n to Def.'s Mot. to Dismiss at 5. Unfortunately for Plaintiff, the Arbitration Agreement contains a provision dedicating resolution of issues of construction to the arbitrator. Arbitration Agreement at III.C., 6. Provision III.C. of

the Arbitration Agreement states: "All challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator, and the arbitrator shall rule on all questions regarding the interpretation and enforceability of the Agreement." The Supreme Court has found the type of delegation provision in III.C. to be enforceable, holding that the FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524, 527 (2019) (citing *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–944 (1995)).

In *Rent-A-Center*, the Supreme Court held that arbitration agreements may delegate to an arbitrator the exclusive authority to resolve any dispute relating to the agreement's enforceability under the FAA. 561 U.S. at 68-72 (upholding nearly identical language to that in Provision III.C.); *see also Novic v. Credit One Bank*, 757 Fed. App'x 263, 266-67 (4th Cir. 2019) (same). As outlined above, the Court has delineated two types of challenges under § 2 of the FAA: "one type challenges specifically the validity of the agreement to arbitrate" and the other "challenges the contract as a whole, either on a ground that directly affects the entire agreement . . . or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Id*. at 70 (quoting *Buckeye*, 546 U.S. at 444). Where the plaintiff brings the first type of challenge, courts may determine whether the arbitration agreement at issue in enforceable. *Id.*; *see also Hengle v. Treppa*, 19 F.4th 324, 335-36 (4th Cir. 2021). However, because arbitration provisions are severable as a matter of substantive federal law, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-a-Center*, 561 U.S. at 70. Accordingly, "the Supreme Court has concluded that when a litigant specifically challenges the enforceability of an arbitration agreement with a delegation clause, the

-6-

challenge must be submitted to the arbitrator unless the plaintiff has lodged a specific objection to the delegation clause." *Gibbs v. Sequoia Capital Operations*, LLC, 966 F.3d 286, 291 (4th Cir. 2020) (citing *Rent-a-Center*, 561 U.S. at 68-69); *see Gibbs v. Haynes Investments, LLC*, 967 F.3d 332, 337-38 (4th Cir. 2020).

Therefore, Ms. Simmons's arguments as to the unconscionability of "(1) the limitation placed on the arbitrator's discretion to control discovery; (2) the modification made to the attorney fee standard; [and] (3) the limitation on selection of an arbitrator" must be made to the arbitrator, pursuant to Provision III.C. However, this Court may consider unconscionability as alleged with regards to the delegation provision. *See Haynes*, 967 F.3d at 337-38; *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 867 F.3d 449, 455 (4th Cir. 2017).

Under West Virginia contract law, "[a] court in its equity powers is charged with the discretion to determine, on a case-by-case basis, whether a contract provision is so harsh and overly unfair that it should not be enforced under the doctrine of unconscionability." Syl. Pt. 9, *Dan Ryan Builders*, 737 S.E.2d 550 (citation omitted); *see also Murray v. United Food & Commercial Workers Int'l Union*, 289 F.3d 297, 302 (4th Cir. 2002) (likewise finding that "equity may require invalidation of an arbitration agreement that is unconscionable."). For a contract provision to be unenforceable due to unconscionability, that provision must be both procedurally and substantively unconscionable. *Brown v. Genesis Healthcare Corp. (Brown I)*, 724 S.E.2d 250, 285 (W. Va. 2011). Procedural unconscionability arises from inequities, improprieties, or unfairness in the contract bargaining or formation process that suggest a lack of a real, voluntary meeting of minds between the parties. *Dan Ryan Builders*, 737 S.E.2d at 558 (citation omitted). Substantive unconscionability arises when contract terms are so one-sided that they have an overly harsh effect on the disadvantaged party. *Id*. While both procedural and substantive unconscionability must be

present, "they need not present to the same degree." Syl. Pt. 9, *Brown v. Genesis Healthcare Corp. (Brown II)*, 729 S.E.2d 217, 221 (W. Va. 2012) (quoting Syl. Pt. 20, *Brown I*, 724 S.E.2d at 262). "Courts should apply a 'sliding scale' in making this determination: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the clause is unenforceable, and vice versa." *Id*.

Ms. Simmons argues that the delegation provision is rendered substantively unconscionable by the alleged unconscionability of the Arbitration Agreement's limitations on discovery and arbitrator selection process. Resp. in Opp'n to Def.'s Mot. to Dismiss at 13-14. Furthermore, Plaintiff argues the delegation provision is procedurally unconscionable, due to "[i]nequalities, unfairness in the bargaining process, [and] hidden or unduly complex contract terms." *Id*. at 15; *see Brown I*, 724 S.E.2d at 285 (discussing procedural and substantive unconscionability under West Virginia contract law).

The Court finds that these arguments are a recursive attempt at evading the holding in *Rent-a-Center*. Although Plaintiff nominally challenges the delegation provision, she only forwards arguments which challenge the validity of the contract as a whole, such as in re-asserting her complaints about the discovery and selection provisions. *See* Resp. in Opp'n to Def.'s Mot. to Dismiss at 13-14. In *Rent-A-Center*, the Court found that arguments made as to the unconscionability of an arbitration agreement on the basis of discovery limitations do not speak to the unconscionability of delegation provisions. 561 U.S. at 73-74. The Court reasoned that

> It may be that had [the plaintiff] challenged the delegation provision by arguing that these common [discovery] procedures *as applied* to the delegation provision rendered *that provision* unconscionable, the challenge should have been considered by the [lower] court. To make such a claim based on the discovery procedures, [the plaintiff] would have had to argue that the limitation upon the number of depositions causes the arbitration of his claim that the Agreement is unenforceable to be unconscionable. That would be, of course, a much more difficult argument to sustain than the argument that the same limitation renders arbitration of his

factbound employment-discrimination claim unconscionable.

*Id*. at 74 (emphasis in original).

While Ms. Simmons improves upon the plaintiff in *Rent-a-Center*'s argument by expressly invoking the delegation provision, she fails to meet the high bar set by the Court for demonstrating that the application of the discovery limitations (or arbitrator selection limitations) to her claim that the Agreement is unenforceable renders the delegation provision unconscionable. As a preliminary matter, the Court finds that Ms. Simmons does not argue that the discovery limitation she objects to—limitations on the number of interrogatories and depositions—specifically relates or applies to the delegation provision. *See* Resp. in Opp'n to Def.'s Mot. to Dismiss at 7-8, 13-14.

Rather, Plaintiff contests the conscionability of the delegation provision by arguing that Defendant refused to modify the Arbitration Agreement's discovery limitations upon Plaintiff's request.[2] *Id*. at 13-14. The Court cannot perceive the relevance of this argument to the alleged unconscionability of the delegation provision. Plaintiff further argues that the arbitrator should be given more authority to control discovery than is currently granted in the discovery provision. *Id*. at 14. The Court finds that this is a challenge to the discovery limitation, not to the application of that limitation to the delegation clause. *See Rent-a-Center*, 561 U.S. at 73-74. As discussed above, the arguments Plaintiff advances concerning how the discovery provisions should be modified or interpreted should be properly brought before the arbitrator, given the delegation of authority in

---

[2] "Plaintiff asked Defendant to agree that discovery should be controlled by the arbitrator and that the limitation in the agreement do [sic] not control. Defendant declined. Not only does this disagreement highlight the lack of a meeting of the minds, it renders the delegation clause substantively unconscionable." Resp. in Opp'n to Def.'s Mot. to Dismiss at 13-14. How does refusal of a proposed modification to the discovery provision render the delegation provision unconscionable? Plaintiff does not explain. Furthermore, the Court notes that if a contract dispute were intrinsic evidence of a lack of mutual assent, courts could never find any contract to be valid and enforceable. In essence, Plaintiff has asked the Court to find that because the contract's enforceability is now disputed, it could not have been validly formed. The Court declines.

Provision III.C.

Next, Plaintiff asserts that the "unfair [arbitrator] selection process makes the delegation clause substantively unconscionable" because "it is not possible for an Arbitrator to rule on the conscionability of the selection provision when the Arbitrator has already been selected through the process being challenged." Resp. in Opp'n to Def.'s Mot. to Dismiss at 14. While this argument is a more nuanced challenge to the delegation provision, it cites no authority to support its proposition. The selection procedure Ms. Simmons objects[3] to provides her with three potential arbitrators from National Arbitration and Mediation, Inc. ("NAM"). Arbitration Agreement, Provisions B.i & B.iii. Then, "the party filing for arbitration shall eliminate one arbitrator from the list, then the other party shall eliminate one arbitrator from the list of remaining two arbitrators." *Id*. at B.iii. Ms. Simmons states that this process is unconscionable because it "creates a high risk that [she] could be matched with an unfavorable arbitrator." Resp. in Opp'n to Def.'s Mot. to Dismiss at 12. Unfortunately for Ms. Simmons, the Supreme Court has repeatedly rejected the argument "that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious and impartial arbitrators." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634 (1985)). Accordingly, the Court cannot accept Plaintiff's bare allegations that two out of any three arbitrators selected by a national arbitration agency will inevitably be biased to such an extent that the delegation provision is rendered substantively unconscionable.

---

[3] While these objections are contained in Ms. Simmons's challenge to the arbitrator selection provision independently of her challenge to the delegation provision, the Fourth Circuit has held that "in specifically challenging a delegation clause, a party may rely on the same arguments that it employs to contest the enforceability of other arbitration provisions." *Haynes*, 967 F.3d at 338-39 (quoting *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 226 (3d Cir. 2018)). Accordingly, the Court has considered the application of those arguments here.

As Plaintiff has not demonstrated the substantive unconscionability of the delegation provision, the Court need not consider her arguments as to procedural unconscionability. Syl. Pt. 9, *Brown II*, 729 S.E.2d 217 (indicating both substantive and procedural unconscionability must exist to find a contract term unenforceable).

As a final matter, the Court notes that while Defendant has Motioned to Dismiss pending arbitration, the plain language of the FAA mandates district courts to "stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Although the § 3 mandate requires a stay, federal circuit courts are divided as to whether a district court retains the discretion to dismiss an action when all claims are referred to arbitration. *See Reed v. Darden Rests., Inc.*, No. 3:16-cv-3872, 2016 WL 5796900, at *5 (S.D.W. Va. Oct. 3, 2016) (comparing cases). However, the Fourth Circuit has found dismissal pending arbitration to be appropriate where "all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001); *see also Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 585 (4th Cir. 2012) (affirming and applying the reasoning from *Choice Hotels*). Here, the parties have not addressed the issue of whether a stay or dismissal is more appropriate. Nonetheless, as the Court has found that all the issues presented in Ms. Simmons's lawsuit are arbitrable, Defendant's Motion to Dismiss is appropriate pursuant to *Choice Hotels*. *See* 252 F.3d at 709–10.

While the Court is sympathetic to Ms. Simmons's allegations of workplace impropriety and her desire to have her claims adjudicated by a federal court, it is bound by the FAA and Supreme Court precedent. Finding that the *Adkins* standard has been met, and that Plaintiff has not met her burden of demonstrating that the delegation provision is unenforceable as a matter of law, the case is **DISMISSED** without prejudice pending arbitration.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Compel Arbitration (ECF No. 4) and **DISMISSES** this case **without prejudice** pending arbitration. The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 31, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE